**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 31 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

   v.

JUAN GOMEZ-SOTELO,

  Defendant - Appellant.

No. 99-1239

(D. Colorado)

(D.C. No. 98-CR-387-WM)

**ORDER AND JUDGMENT**   *

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Juan Gomez-Sotelo pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1),

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

(b)(1)(A)(viii). He appeals the sentence imposed, contending that the district court erred by refusing to adjust his offense level downward pursuant to the United States Sentencing Guidelines § 3B1.2 based on his allegedly minor or minimal role. We affirm.

## BACKGROUND

On September 30, 1998, a Colorado State Trooper stopped Mr. Gomez-Sotelo for driving carelessly on Interstate 25 near Pueblo, Colorado. The trooper noticed a strong deodorizer smell in the car and that Mr. Gomez-Sotelo, the driver, appeared to be extremely nervous. Upon asking the driver and the female passenger separately about the purpose of their trip from Los Angeles to Denver, the trooper noticed discrepancies in their stories. After a check of defendant's car registration and license, Mr. Gomez-Sotelo gave written and verbal consent to the trooper's request to search the car. The search revealed about 2229 grams of duct-taped methamphetamine hidden in the car's air cleaner housing. Red liquid, appearing to match a bottle of air freshener found in the trunk of the car, was within the layers of duct tape. A receipt for five rolls of duct tape was later found in the defendant's possession.

Upon notification at the Highway Patrol office that he and his girlfriend were under arrest for possession of methamphetamine with intent to distribute,

Mr. Gomez-Sotelo put his face in his hands and said his girlfriend did not know anything about it. He also said that he purchased and registered the car in Farmington, New Mexico, under the direction of an acquaintance named Julio. Mr. Gomez-Sotelo said he gave the car to Julio. Upon the car's return, Julio directed Gomez-Sotelo to drive the car to a hotel in Denver where he would be paged and then paid $8000 for the car.

Pursuant to a plea agreement, Mr. Gomez-Sotelo pleaded guilty to possession with intent to distribute methamphetamine. The government agreed to eligibility for the "safety valve" provision of U.S.S.G. § 5C1.2 and a recommendation for a sentence at the bottom of the applicable guideline range after the safety valve reduction. The sentence followed this agreement.

However, the court denied Gomez-Sotelo's request for a reduction adjustment for minor or minimal role-in-the-offense under U.S.S.G. § 3B1.2. The district court sentenced Gomez-Sotelo to 87 months imprisonment (the low end of the applicable range of 87 to 180 months) and 60 months of supervised release. Mr. Gomez-Sotelo appeals the sentence imposed and reasserts the arguments the district court rejected, contending that he should have received an adjustment for a minimal or minor role.

## DISCUSSION

A defendant bears the burden of establishing, by a preponderance of the evidence, entitlement to a reduction in base offense level under section 3B1.2. See United States v. Onheiber, 173 F.3d 1254, 1258 (10th Cir. 1999). The district court's determination that Gomez-Sotelo was more than a minor participant is a finding of fact that we review for clear error. See id.

The district court based its refusal to apply the section 3B1.2 reduction because (1) a receipt for duct tape was found on Mr. Gomez-Sotelo, (2) the passenger described similar trips,[1] and (3) a significant amount of drugs, worth $8000 to $10,000, was involved. See R. Vol. 2 at 10. The district court found no facts to support Mr. Gomez-Sotelo's request for a downward adjustment. Mr. Gomez-Sotelo's counsel declined an offer of a hearing on evidence to support the reduction under section 3B1.2.

Section 3B1.2 permits the district court to decrease the base offense level if the defendant's role in the offense "makes him substantially less culpable than the average participant." U.S.S.G § 3B1.2, cmt. (1998). According to the guidelines, the four-level decrease for minimal participation under 3B1.2(a) "will be used infrequently" and should be reserved for "defendants who are plainly among the

---

[1]During the presentence investigation, the female passenger stated that she had made three trips with the defendant from Los Angeles to Farmington, New Mexico. See R. Vol. 3 at 2. Each time they stayed about three days in a motel. She said that the defendant did not want anyone to know of and never talked about his business.

least culpable of those involved in the conduct of a group." Id. Examples include individuals recruited as couriers for a single transaction involving a small quantity of drugs. See id. The two-level decrease for minor participation applies to individuals who are "less culpable than most other participants, but whose role could not be described as minimal." Id. However, "minor participant classification is routinely denied" to drug couriers. United States v. Caruth, 930 F.2d 811, 815 (10th Cir. 1991). The Guidelines permit a district court to compare the defendant's conduct with the average conduct in that type of crime. See id.

The evidence indicates that Mr. Gomez-Sotelo was not a one-time courier, that he was entrusted with a large amount of methamphetamine, and that he was aware of the concealed packages. These facts support the district court's conclusion that Gomez-Sotelo was more than a minor participant, and therefore was not entitled to a reduction under section 3B1.2. The district court's findings are adequately supported by the record and are not clearly erroneous. AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-5-